# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | |
|---|---|
| JOSEPH ALLGOOD, | Case No. 7:21-cv-00052 |
| Plaintiff, | Jury Trial Demanded |
| v. | |
| PARSLEY ENERGY OPERATIONS, LLC and PIONEER NATURAL RESOURCES COMPANY | |
| Defendants. | |

## ORIGINAL COMPLAINT

### SUMMARY

1. Joseph Allgood (Allgood) brings this lawsuit to recover unpaid overtime wages and other damages from Parsley Energy Operations, LLC and Pioneer Natural Resources Company[1] (collectively, "Parsley") under the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201 *et seq*.

2. Allgood worked for Parsley as a EHS Consultant from approximately June 2018 until October 2018.

3. Allgood regularly worked more than 40 hours a week.

4. But Allgood never received overtime for the hours he worked in excess of 40 hours in a single workweek.

5. Instead of receiving overtime as required by the FLSA, Parsley classified Allgood as an independent contractor and paid him a flat amount for each day worked (a day-rate) without overtime compensation.

---

[1] Upon information and belief, Pioneer acquired all assets and liabilities of Parsley in approximately October 2020. https://investors.pxd.com/news-releases/news-release-details/pioneer-natural-resources-announces-agreement-acquire-parsley

6. Allgood did not receive a guaranteed salary.

7. This action seeks to recover the unpaid overtime wages and other damages owed to Allgood.

## JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. Venue is proper under 28 U.S.C. § 1391(b).

10. Parsley conducts substantial business operations in this District and Division.

11. Parsley's corporate headquarters are in this District and Division.

## PARTIES

12. Allgood worked for Parsley as a EHS Consultant from approximately June 2018 until October 2018.

13. Throughout his employment with Parsley, Allgood was classified as an independent contractor and paid a day-rate with no overtime compensation.

14. Allgood's relationship with Parsley was an employer/employee relationship.

15. Although Allgood regularly worked more than 40 hours each week, Parsley paid him a flat amount for each day worked with no overtime compensation for the hours he worked in excess of 40 each week in violation of the FLSA.

16. Parsley is a Texas company and may be served by serving its registered agent for service of process, **CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201**, or wherever it may be found.

17. Pioneer Natural Resources Company is a Delaware company and may be served by serving its registered agent for service of process, **CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201**, or wherever it may be found.

## COVERAGE UNDER THE FLSA

18. At all relevant times, Parsley has been an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

19. At all relevant times, Parsley has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

20. At all relevant times, Parsley has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). Parsley has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and oilfield equipment - that have been moved in or produced for commerce.

21. In each of the last three years, Parsley has had annual gross volume of sales made or business done of at least $1,000,000.

22. At all relevant times, Allgood was engaged in commerce or in the production of goods for commerce.

23. Parsley treated Allgood as an employee and uniformly dictated the pay practices applied to Allgood.

24. Parsley's misclassification of Allgood as an independent contractor does not alter his status as employees for purposes of the FLSA.

25. Parsley's day-rate scheme, depriving Allgood of overtime compensation for weeks in which he works over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTUAL ALLEGATIONS

26. Parsley Energy is a Permian-focused independent oil and natural gas company with an extensive operating history.

27. Pioneer a is an independent oil, gas exploration, and production company which operates in the Permian Basin.

28. To provide these services, Parsley hired oilfield personnel (like Allgood) to work on its behalf, to provide safety consulting services.

29. Parsley classified Allgood as an independent contractor.

30. Parsley did not hire Allgood on a project-by-project basis.

31. Rather, Parsley hired and treated Allgood just like regular, even if sometimes short-term, employee.

32. During the relevant period, Allgood regularly worked for Parsley in excess of 40 hours a week for weeks at a time.

33. During the relevant period, Allgood worked for Parsley on a day-rate basis.

34. During the relevant period, Allgood was not paid overtime for the hours he worked for Parsley in excess of 40 hours each week.

35. Parsley management-level employees hired Allgood for the position directly.

36. Allgood reported directly to Parsley management-level employees, including Parsley's Project Manager.

37. Throughout his employment with Parsley, Allgood regularly worked more than 40 hours each week without receiving overtime compensation. Instead, Parsley paid Allgood a day-rate for each day worked, regardless of how many hours he worked in a day or week.

38. During his time with Parsley, Allgood regularly worked more than 12 hours each day, often for weeks at a time.

39. Allgood did not exercise discretion and judgment as to matters of significance.

40. To the contrary, Allgood's work was governed entirely by Parsley.

41. Allgood never received a salary.

42. If Allgood did not work in a week, he did not receive a guaranteed amount of at least $455.

43. Allgood received a day-rate regardless of the number of hours or days he worked in a week, even if he worked more than 40 hours in a workweek.

44. Without the job performed by Allgood, Parsley would not have been able to complete its business objectives.

45. Allgood was Parsley's safety representative at multiple job sites.

46. Allgood was economically dependent on Parsley and relied on Parsley for work and compensation.

47. Parsley determined the amount and type of compensation paid to Allgood.

48. Parsley set Allgood's rates of pay, his work schedules, and effectively prevented him (or outright prohibited him) from working other jobs for other companies while working on jobs for Parsley.

49. Allgood worked in accordance with the schedule set by Parsley.

50. Parsley prohibited Allgood from subcontracting out the work he was assigned by Parsley.

51. Allgood had to follow Parsley's policies and procedures.

52. Allgood had to adhere to the quality standards put in place by Parsley.

53. Allgood did not substantially invest in the equipment or tools required to complete the overall job to which he were assigned. Instead, Parsley provided Allgood with the equipment, programs, and facilities necessary for him to perform the work required by Parsley.

54. Allgood did not provide the significant equipment and programs he worked with daily, such as the oilfield equipment, office space, computers, and other necessary equipment.

55. Parsley made these large capital investments in buildings, machines, equipment, tools, and supplied the business in which Allgood worked.

56. Allgood did not incur operating expenses like rent, payroll, marketing, and insurance.

57. Allgood did not market his services while employed by Parsley.

58. While employed by Parsley, Allgood worked exclusively for Parsley.

59. At all relevant times, Parsley maintained control, oversight, and direction of Allgood, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

60. Parsley controlled Allgood's pay.

61. Likewise, Parsley controlled Allgood's work.

62. Allgood's work had to adhere to the quality standards put in place by Parsley.

63. Allgood was not required to possess any unique or specialized skillset (other than that maintained by all other workers in his safety position) to perform his job duties.

64. Parsley knew Allgood regularly worked for 12 or more hours a day for weeks at a time.

65. Parsley's records reflect the fact that Allgood regularly worked far in excess of 40 hours in certain workweeks.

66. Allgood did not receive overtime for hours worked in excess of 40 in any of those weeks. Instead, Allgood was paid on a day-rate basis.

67. Parsley set Allgood's schedules and compensation; supervised him; and required him to adhere to strict guidelines, directives, and Parsley's policies and procedures.

68. The work Allgood performed was an essential part of Parsley's core businesses.

69. Parsley controlled Allgood's opportunities for profit and loss by dictating the days and hours he worked and the rates and method in which he was paid.

70. Parsley controlled all the significant or meaningful aspects of the job duties Allgood performed by requiring him to strictly adhere to Parsley's directives, policies, and procedures.

71. Parsley exercised control over the hours and locations Allgood worked, the tools and equipment he used, the data he analyzed, and the rates of pay he received.

72. The daily and weekly activities of Allgood were routine and largely governed by standardized plans, procedures, and checklists created by Parsley.

73. Parsley prohibited Allgood from varying his job duties outside of predetermined parameters and required Allgood to follow Parsley's policies, procedures, and directives.

74. Allgood performed routine job duties largely dictated by Parsley.

75. Allgood was not employed on a salary basis.

76. Allgood did not, and never did, receive guaranteed weekly compensation irrespective of days worked (i.e., the only compensation he received was the day-rate he was assigned for all hours worked in a single day or week).

77. Parsley's day-rate policy violated the FLSA because it deprived Allgood of overtime for the hours he worked in excess of 40 hours in a single workweek.

78. Parsley knew Allgood worked more than 40 hours in a week.

79. Parsley knew, or showed reckless disregard for whether, Allgood was improperly classified as an independent contractor (as opposed to an employee).

80. Parsley knew, or showed reckless disregard for whether, Allgood was not exempt from the FLSA's overtime provisions.

81. Nonetheless, Allgood was not paid overtime.

82. Parsley knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

### CAUSE OF ACTION
### VIOLATION OF THE FLSA

83. Allgood realleges and incorporates by reference all allegations in preceding paragraphs.

84. Allgood brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

85. Parsley violated the FLSA by failing to pay Allgood overtime.

86. Parsley misclassified Allgood for purposes of the FLSA overtime requirements.

87. Allgood was Parsley's employee for purposes of the FLSA overtime requirements.

88. Parsley was Allgood's employer under the FLSA. Parsley suffered or permitted Allgood to work for or on its behalf during the relevant period.

89. Parsley cannot meet its burden to demonstrate Allgood is exempt from overtime under the administrative exemption.

90. Parsley cannot meet its burden to demonstrate Allgood is exempt from overtime under the executive exemption.

91. Parsley cannot meet its burden to demonstrate Allgood is exempt from overtime under the professional exemption.

92. Parsley cannot meet its burden to demonstrate Allgood is exempt from overtime under the highly compensated exemption.

93. Parsley misclassified Allgood as an independent contractor.

94. Parsley failed to guarantee Allgood a salary.

95. Parsley failed to pay Allgood overtime.

96. Instead Parsley paid Allgood a day-rate.

97. Parsley knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Allgood overtime compensation.

98. Parsley's failure to pay overtime compensation to Allgood was neither reasonable, nor was the decision not to pay overtime made in good faith.

99. Accordingly, Allgood is entitled to overtime wages under the FLSA in an amount equal to 1.5 times his rate of pay, plus liquidated damages, attorney's fees and costs.

## JURY DEMAND

100. Allgood demands a trial by jury.

**PRAYER**

WHEREFORE, Allgood respectfully requests that this Court grant the following relief:

a. A judgment against Parsley awarding Allgood all his unpaid overtime compensation and an additional, equal amount, as liquidated damages;

b. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

c. An order awarding attorneys' fees, costs, and expenses;

d. Pre- and post-judgment interest at the highest applicable rates; and

e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Michael A. Josephson
**Michael A. Josephson**
Texas Bar No. 308410
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Richard M. Schreiber**
Texas Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**Attorneys for Plaintiff**